908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel OTT, Plaintiff-Appellant,
v.
John T. CORRIGAN, Cathy Peterson, James Cudo, Edward
Kovacic, Defendants-Appellees.
 No. 89-3941.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1990.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Daniel Ott, a former Ohio prisoner who is proceeding pro se, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, Ott sued two prosecutors and two Cleveland, Ohio police officers alleging that they violated his eighth and fourteenth amendment rights. Police officers Cudo and Kovacic brought Ott from the Orient state prison to the Cleveland county jail in order that he could testify before a grand jury in a murder case being prosecuted by defendants Corrigan and Peterson. Ott alleged that during his one year stay at the county jail he was subjected to overcrowded living conditions, and that upon his return to Orient state prison he was harassed by his fellow inmates and was labelled a "snitch" for testifying before the grand jury.
 
 
 4
 The district court granted the defendants' motion to dismiss, finding that the prosecutors were absolutely immune from suit, and that the police officers had no control over Ott's prison transfers.
 
 
 5
 On appeal, Ott reasserts his claims and requests the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment. Corrigan and Peterson are absolutely immune from suit because procuring grand jury testimony was within the scope of their prosecutorial duties. See Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir.1989). Officers Cudo and Kovacic also had no control over when Ott was transferred, or to what institution he would be sent. See Ohio Rev.Code Secs. 5120.01 and 5120.05.
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation